**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLY CHAMBERS,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No: 4:26-cv-00978-CMS** |
| **BROWNING ARMS COMPANY,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT BROWNING ARMS COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Browning Arms Company ("Defendant"), by and through its counsel of record, hereby answers the Complaint filed by Plaintiff Kelly Chambers as follows:

**PARTIES**

1. Defendant Browning Arms Company ("Browning" or "Defendant") is a Utah company doing business in the state of Missouri with its principal business office address at One Browning Place, Morgan, Utah 84050, and a registered agent address of 3005 Arnold Tenbrook Road, Arnold, Missouri 63010.

**ANSWER:** Defendant admits the allegations in paragraph 1 of the Complaint.

2. Plaintiff is a resident of Jefferson County, Missouri.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 2 of the Complaint and therefore denies the same.

3. Plaintiff was employed by Defendant from in or about January 2023 to on or about February 20, 2026.

**ANSWER:** In response to the allegations in paragraph 3 of the Complaint, Defendant admits that Plaintiff was employed by a company named Browning ("Browning"), and not by the

named Defendant Browning Arms Company. Defendant further admits that Browning Arms Company is a wholly owned subsidiary of Browning and that both entities are corporations incorporated in the state of Utah. Defendant denies the other allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Plaintiff has filed this Petition within one year of engaging in protected activity.

**ANSWER:** Defendant denies the allegations in paragraph 4 of the Complaint.

5. This lawsuit is expressly authorized under RSMo. § 285.575.7.

**ANSWER:** Paragraph 5 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 5 of the Complaint.

6. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo 478.070.

**ANSWER:** In response to the allegations in paragraph 6 of the Complaint, Defendant denies that any unlawful employment practices occurred in Missouri or elsewhere or that any contract of employment or otherwise was made in Missouri or elsewhere between Plaintiff and Browning. Defendant admits the remaining allegations in paragraph 6 of the Complaint.

7. Venue is proper in this Court pursuant to § 508.010, RSMo. Among other facts, Defendant's unlawful employment practices occurred in Jefferson County at Defendant's Missouri location at 3005 Arnold Tenbrook Road, Arnold, Missouri 63010.

**ANSWER:** In response to the allegations in paragraph 7 of the Complaint, Defendant denies that any unlawful employment practices occurred in Missouri or elsewhere or that any contract of employment or otherwise was made in Missouri or elsewhere between Plaintiff and Browning. Defendant admits the remaining allegations in paragraph 7 of the Complaint.

8. This Court has personal jurisdiction. In connection with the acts alleged here, Browning transacted business and made contracts within Missouri, and all relevant events here occurred in Missouri.

**ANSWER:** In response to the allegations in paragraph 8 of the Complaint, Defendant denies that any unlawful employment practices occurred in Missouri or elsewhere or that any contract of employment or otherwise was made in Missouri or elsewhere between Plaintiff and Browning. Defendant admits the remaining allegations in paragraph 8 of the Complaint.

9. The amount in controversy is more than $25,000 and Plaintiff requests costs and attorneys' fees be awarded.

**ANSWER:** In response to the allegations in paragraph 9 of the Complaint, Defendant admits that the amount in controversy in this matter exceeds $75,000 but denies that Defendant or Browning are liable to Plaintiff in any amount for any claim asserted.

## FACTUAL ALLEGATIONS

10. Browning hired Plaintiff as a Technical/Customer Service Representative in or about January 2023.

**ANSWER:** In response to the allegations in paragraph 10 of the Complaint, Defendant admits that Browning, but not Defendant, hired Plaintiff in or about January 2023. Defendant denies the other allegations in paragraph 10 of the Complaint.

11. Plaintiff's job duties generally consisted of managing phone/email inquiries, resolving technical issues, providing repair updates, and educating customers on product maintenance.

**ANSWER:** Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant is a "licensed dealer" under 27 CFR § 478.125(e) and is required by law to maintain accurate records of the acquisition and disposition of firearms.

**ANSWER:** Paragraph 12 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits the allegations in paragraph 12 of the Complaint.

13. Specifically, under 27 CFR § 478.125(e) "each licensed dealer shall enter into a record each receipt and disposition of firearms," that the acquisition of a firearm shall "be recorded not later than the close of the next business day," and that the disposition of a firearm shall be recorded "not later than seven days following the date of such transaction."

**ANSWER:** Defendant admits the allegations in paragraph 13 of the Complaint.

14. On or about February 17, 2026, Mr. Chambers received a telephone call from a customer who was dissatisfied that Browning had not yet processed the return of his malfunctioned firearm.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies the same.

15. That customer stated he returned his firearm to Browning in or about December 2025.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. Plaintiff could not find the customer's firearm in Browning's database.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. Plaintiff asked his supervisor, Mike Siebert, why the customer's firearm could not be located in Defendant's database. Mr. Siebert directed Plaintiff to speak to Jeff Sletten, Defendant's Firearm Service Manager, about the issue.

**ANSWER:** Defendant denies the allegations in paragraph 17 of the Complaint.

18. Mr. Sletten was in charge of recording firearms in Browning's database.

**ANSWER:** Defendant admits that Browning's Service Department was in charge of recording firearms received for service in its database, but denies all remaining allegations in paragraph 18 of the Complaint.

19. Plaintiff and Mr. Sletten looked for the customer's firearm in Defendant's warehouse.

**ANSWER:** Defendant denies the allegations in paragraph 19 of the Complaint.

20. During a search for the customer's firearm, Plaintiff noticed multiple pallets of firearms that were not recorded in Browning's database.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies the same.

21. Upon finding the customer's firearm in Browning's warehouse, Plaintiff returned to his desk and informed the customer that Browning did in fact have the customer's firearm, but that it would still take some time to repair the customer's firearm.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 21 of the Complaint and therefore denies the same.

22. Plaintiff's coworker, Chris Igelhart, then told Plaintiff that Mr. Sletten intentionally refuses to input firearms in Defendant's database.

**ANSWER:** Defendant denies the allegations in paragraph 22 of the Complaint.

23. Plaintiff then reported to Mr. Siebert that Browning would be in trouble with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") if the ATF knew that Mr. Sletten intentionally refuses to input firearms in Browning's database.

**ANSWER:** Defendant denies the allegations in paragraph 23 of the Complaint.

24. In reporting the unlawful activity to his supervisor, Plaintiff was referring to the requirement under 27 CFR § 478.125(e) that licensed dealers must record the acquisition of a new firearm by the close of the next business day after acquiring said firearm.

**ANSWER:** Defendant denies the allegations in paragraph 24 of the Complaint.

25. The following day, Mr. Siebert told Plaintiff to "not worry" about Browning's failure to record the firearms into its system in a timely manner as required by federal regulations.

**ANSWER:** Defendant denies the allegations in paragraph 25 of the Complaint.

26. On or about February 20, 2026, just a mere three days after reporting Browning's unlawful activity to his supervisor, Defendant terminated Plaintiff.

**ANSWER:** In response to the allegations in paragraph 26 of the Complaint, Defendant admits that Browning, but not Defendant, terminated Plaintiff's employment for legitimate business reasons but denies that the termination was motivated by or related to any protected activity under any law.

27. At all times relevant hereto, Plaintiff was a competent and satisfactory employee who met or exceeded Defendant's legitimate job expectations.

**ANSWER:** Defendant denies the allegations in paragraph 27 of the Complaint.

**COUNT 1 WHISTLEBLOWER CLAIM (§285.575)**

28. Plaintiff incorporates by reference all previous paragraphs.

**ANSWER:** In response to the allegations in paragraph 28 of the Complaint, Defendant incorporates all its responses to all previous paragraphs.

29. Plaintiff is a "protected person" under § 285.575.2(4), RSMo, because he reported to a proper authority the unlawful acts of the employer, specifically the violation of 27 CFR §478.125.

**ANSWER:** Paragraph 29 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant is an "employer" under § 285.575, RSMo.

**ANSWER:** Paragraph 30 states legal conclusions to which no response is required. To the extent a response is deemed required, in response to the allegations in paragraph 30 of the Complaint, Defendant admits that Browning, but not Defendant, employed Plaintiff. Defendant denies the other allegations in paragraph 30 of the Complaint.

31. Defendant terminated Plaintiff's employment because Plaintiff reported these violations.

**ANSWER:** Defendant denies the allegations in paragraph 31 of the Complaint.

32. Plaintiff's report was a motivating factor in his discharge.

**ANSWER:** Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant's actions amount to serious misconduct that violated a clear mandate of public policy.

**ANSWER:** Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant's conduct in terminating Plaintiff was intentional, willful, and in reckless disregard of Plaintiff's rights under Missouri law.

**ANSWER:** Defendant denies the allegations in paragraph 34 of the Complaint.

35. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer loss of wages, benefits, and other economic damages.

**ANSWER:** Defendant denies the allegations in paragraph 35 of the Complaint.

WHEREFORE, Plaintiff prays that this Court will enter judgment in his favor and against Defendant, and in amounts to be determined at trial, the following relief: 1) actual damages, including past and future lost income; 2) liquidated damages in an amount equal to double the amount of back pay and lost benefits, pursuant to § 285.575.5, RSMo;, 3) pre-judgment and post-judgment interest; 5) attorneys' fees and costs; and 6) for such other relief as justice requires.

**ANSWER:** Defendant denies the allegations set forth in the WHEREFORE Paragraph of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any relief whatsoever, whether in law or in equity.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiff's Complaint, Defendant states as follows:

1. Defendant specifically denies all allegations in Plaintiff's Complaint not specifically admitted herein.

2. Plaintiff's Complaint as a whole, and each purported cause of action alleged, fails to state a claim against Defendant upon which relief can be granted.

3. Plaintiff's claims are barred to the extent the doctrines of laches, waiver, estoppel, and/or unclean hands apply.4.Granting Plaintiff's demands in his Complaint would result in unjust enrichment.

5. Plaintiff's claims are barred because Defendant did not cause or contribute to any damages, loss, or injury allegedly sustained by Plaintiff.

6. Pleading hypothetically and in the alternative, Plaintiff's damages, if any, were caused or contributed to, in whole or in part, by the actions or inactions of Plaintiff and/or other persons or parties for whom Defendant had and has no responsibility, control, or liability.

7. Pleading hypothetically and in the alternative, to the extent Plaintiff was damaged, which damages Defendant specifically denies, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy his duty to mitigate those damages.

8. Pleading hypothetically and in the alternative, to the extent Plaintiff recovers any damages based on his claims, the existence of which Defendant specifically denies, Defendant is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if he had mitigated his claimed damages.

9. Plaintiff's claims fail because all of the decisions made or actions taken with respect to Plaintiff were justified by legitimate, nondiscriminatory, nonretaliatory, business reasons.

10. Pleading in the alternative, any of the decisions made or actions taken with respect to Plaintiff were made/taken with the good-faith belief that such actions complied with all applicable laws.

11. Pleading hypothetically and in the alternative, Plaintiff's claims are barred because even if an impermissible factor played a role in any decision made or action taken by Defendant, which Defendant specifically denies, Defendant would have taken the same action in the absence of any impermissible factor.

12. No actions taken by Defendant were willful or wanton or made with evil motive or reckless indifference to the rights of others.

13. Defendant's actions with respect to Plaintiff were not in bad faith, and Defendant had objectively reasonable grounds to believe that its actions were lawful.

14. Plaintiff has failed in the Complaint to name the actual entity (Browning) that employed him and thus his claims fail because he has not named a proper party interest in this matter.

15. Because Defendant has yet to avail itself of the right to discovery, and does not fully know the circumstances of the alleged incidents described in Plaintiff's lawsuit, Defendant hereby notifies Plaintiff that until it can avail itself of discovery, it cannot be determined whether Defendant will assert the above-stated affirmative defenses at trial or whether those will be the only such defenses asserted. Such defenses are, however, asserted herein in order to preserve Defendant's right to assert such defenses and to avoid waiver of any such defenses. Defendant expressly reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.

16. Plaintiff's claims are barred to the extent Plaintiff failed to satisfy the applicable statutes of limitations or other periods of limitation.

17. Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence. To the extent after-acquired evidence is discovered, Plaintiff's damages are cut off as of the time such after-acquired evidence is discovered.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Blake R. Armstrong
Kaytlin E. Kopen, MO #67437
Blake R. Armstrong, MO #72683
8001 Forsyth Boulevard, Ste. 1500
St. Louis, Missouri 63105-1706
Telephone: (314) 480-1500
Fax: (314) 480-1505
Kayt.Kopen@huschblackwell.com
Blake.Armstrong@huschblackwell.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system:

Thomas F Herring
Brady L. Root
HERRING & ROOT, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*

*/s/ Blake R. Armstrong*