**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY CHAMBERS,<br><br>Plaintiff,<br><br>vs.<br><br>BROWNING ARMS COMPANY,<br><br>and<br><br>BROWNING,<br><br>Defendants. | ) | Case No. 4:26-cv-00978-CMS |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION**

Defendants, by and through their attorneys of record, hereby answer Plaintiff's First Amended Petition ("Amended Complaint") and allege as follows:

**PARTIES**

1. Defendant Browning Arms Company ("Browning Arms Company" or "Defendant") is a Utah company doing business in the state of Missouri with its principal business office address at One Browning Place, Morgan, Utah 84050, and a registered agent address of 3005 Arnold Tenbrook Road, Arnold, Missouri 63010.

**ANSWER:** Defendants admit the allegations in Paragraph 1 of the Amended Complaint.

2. Defendant Browning ("Browning" or "Defendant") is a Utah company doing business in the state of Missouri with its principal business office address at One Browning Place, Morgan, Utah 84050, and a registered agent address of 3005 Arnold Tenbrook Road, Arnold, Missouri 63010. Browning is registered in the state of Missouri as using the name Browning Company of Utah.

**ANSWER:** Defendants admit the allegations in Paragraph 2 of the Amended Complaint.

3. Upon information and belief, at all times relevant herein, Defendants operated as a single, integrated enterprise and/or as joint employers of Plaintiff.

**ANSWER:** Paragraph 3 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4. Upon information and belief, Defendants operate out of the exact same physical facility in Missouri, share identical corporate headquarters, and share common administrative infrastructure and equipment.

**ANSWER:** Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5. Upon information and belief, management personnel of Defendant Browning is identical to, or substantially overlaps with, management personnel of Defendant Browning Arms.

**ANSWER:** Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6. Upon information and belief, the supervisors who participated in the decision to discharge Plaintiff, and who carried out the retaliatory termination in violation of § 285.575, RSMo, acted as agents, servants, and/or employees on behalf of both Defendants.

**ANSWER:** Paragraph 6 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7. individually, or alternatively when aggregated as a single integrated enterprise, Defendant Browning and Defendant Browning Arms employ six (6) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, thereby qualifying as an "employer" under § 285.575.2(2), RSMo.

**ANSWER:** The allegation that Defendants qualify as employers under § 285.575.2(2), RSMo is a legal conclusion to which no response is required. To the extent a response is deemed

required, Defendants deny the allegation. Defendants also deny the allegation in Paragraph 7 of the Amended Complaint that they constitute a single integrated enterprise. Defendants admit that each company respectively employs six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8. Plaintiff is a resident of Jefferson County, Missouri.

**ANSWER:** Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Amended Complaint and therefore deny the same.

9. Plaintiff was employed by Defendants from in or about January 2023 to on or about February 20, 2026.

**ANSWER:** Defendants admit that Browning employed Plaintiff during this approximate time period. Defendants further admit that Browning Arms Company is a wholly owned subsidiary of Browning and that both entities are corporations incorporated in the state of Utah. Defendants deny the other allegations contained in Paragraph 9 of the Amended Complaint, including that Plaintiff was employed by Browning Arms Company.

## JURISDICTION AND VENUE

10. Plaintiff has filed this Petition within one year of engaging in protected activity.

**ANSWER:** Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11. This lawsuit is expressly authorized under RSMo. § 285.575.7.

**ANSWER:** Paragraph 11 of the Amended Complaint states legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 11 of the Amended Complaint.

12. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo 478.070.

**ANSWER:** In response to the allegations in Paragraph 12 of the Amended Complaint, Defendants deny that any unlawful employment practices occurred in Missouri or elsewhere or that any contract of employment or otherwise was made in Missouri or elsewhere between Plaintiff and Defendants. Defendants admit the remaining allegations in Paragraph 12 of the Amended Complaint.

13. Venue is proper in this Court pursuant to § 508.010, RSMo. Among other facts, Defendants' unlawful employment practices occurred in Jefferson County at Defendants' shared Missouri location at 3005 Arnold Tenbrook Road, Arnold, Missouri 63010.

**ANSWER:** In response to the allegations in Paragraph 13 of the Amended Complaint, Defendants deny that any unlawful employment practices occurred in Missouri or elsewhere and also deny that any contract of employment or otherwise was made in Missouri or elsewhere between Plaintiff and Defendants. Defendants admit that the two corporations share a Missouri location at 3005 Arnold Tenbrook Road, Arnold, Missouri 63010. Defendants admit the remaining allegations in Paragraph 13 of the Amended Complaint.

14. This Court has personal jurisdiction. In connection with the acts alleged here, Defendants have transacted business and made contracts within Missouri, and all relevant events here occurred in Missouri.

**ANSWER:** In response to the allegations in Paragraph 14 of the Amended Complaint, Defendants deny that any unlawful employment practices occurred in Missouri or elsewhere and also deny that any contract of employment or otherwise was made in Missouri or elsewhere between Plaintiff and Defendants. Defendants admit the remaining allegations in Paragraph 14 of the Amended Complaint.

15. The amount in controversy is more than $25,000 and Plaintiff requests costs and attorneys' fees be awarded.

**ANSWER:** In response to the allegations in Paragraph 9 of the Amended Complaint, Defendants admit that the amount in controversy in this matter exceeds $75,000 but deny that Defendants are liable to Plaintiff in any amount for any claim asserted.

## FACTUAL ALLEGATIONS

16. Browning and Browning Arms hired Plaintiff as a Technical/Customer Service Representative in or about January 2023.

**ANSWER:** In response to the allegations in Paragraph 16 of the Amended Complaint, Defendants admit that Browning, but not Browning Arms Company, hired Plaintiff in or around January 2023. Defendants deny the remaining allegations in Paragraph 16 of the Amended Complaint.

17. Plaintiff's job duties generally consisted of managing phone/email inquiries, resolving technical issues, providing repair updates, and educating customers on product maintenance.

**ANSWER:** Defendants admit the allegations in Paragraph 17 of the Amended Complaint.

18. Defendants are "licensed dealers" under 27 CFR § 478.125(e) and are required by law to maintain accurate records of the acquisition and disposition of firearms.

**ANSWER:** Paragraph 18 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit the allegations in paragraph 18 of the Amended Complaint.

19. Specifically, under 27 CFR § 478.125(e) "each licensed dealer shall enter into a record each receipt and disposition of firearms," that the acquisition of a firearm shall "be recorded not later than the close of the next business day," and that the disposition of a firearm shall be recorded "not later than seven days following the date of such transaction."

**ANSWER:** Paragraph 19 states legal conclusions to which no response is required. To the extent Plaintiff misstates the law, Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20. On or about February 17, 2026, Mr. Chambers received a telephone call from a customer who was dissatisfied that Browning had not yet processed the return of his malfunctioned firearm.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Amended Complaint and therefore deny the same.

21. That customer stated he returned his firearm to Defendants in or about December 2025.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 21 of the Amended Complaint and therefore deny the same.

22. Plaintiff could not find the customer's firearm in Defendants' database.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Amended Complaint and therefore deny the same.

23. Plaintiff asked his supervisor, Mike Siebert, why the customer's firearm could not be located in Defendants' database. Mr. Siebert directed Plaintiff to speak to Jeff Sletten, Defendants' Firearm Service Manager, about the issue.

**ANSWER:** Defendants deny the allegations in Paragraph 23 of the Amended Complaint

24. Mr. Sletten was in charge of recording firearms in Defendants' database.

**ANSWER:** Defendants admit that Browning's Service Department was in charge of recording firearms received for service in its database, but deny the remaining allegations in Paragraph 24 of the Amended Complaint.

25. Plaintiff and Mr. Sletten looked for the customer's firearm in Defendants' warehouse.

**ANSWER:** Defendants deny the allegations in Paragraph 25 of the Amended Complaint

26. During a search for the customer's firearm, Plaintiff noticed multiple pallets of firearms that were not recorded in Defendants' database.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 26 of the Amended Complaint and therefore deny the same.

27. Upon finding the customer's firearm in Defendants' warehouse, Plaintiff returned to his desk and informed the customer that Defendants did in fact have the customer's firearm, but that it would still take some time to repair the customer's firearm.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 28 of the Amended Complaint and therefore deny the same.

28. Plaintiff's coworker, Chris Igelhart, then told Plaintiff that Mr. Sletten intentionally refuses to input firearms in Defendants' database.

**ANSWER:** Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29. Plaintiff then reported to Mr. Siebert that Defendants would be in trouble with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") if the ATF knew that Mr. Sletten intentionally refuses to input firearms in Defendants' database.

**ANSWER:** Defendants deny the allegations in Paragraph 29 of the Amended Complaint

30. In reporting the unlawful activity to his supervisor, Plaintiff was referring to the requirement under 27 CFR § 478.125(e) that licensed dealers must record the acquisition of a new firearm by the close of the next business day after acquiring said firearm.

**ANSWER:** Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31. The following day, Mr. Siebert told Plaintiff to "not worry" about Defendants' failure to record the firearms into its system in a timely manner as required by federal regulations.

**ANSWER:** Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32. On or about February 20, 2026, just a mere three days after reporting Defendants' unlawful activity to his supervisor, Defendants terminated Plaintiff.

**ANSWER:** In response to the allegations in paragraph 32 of the Amended Complaint, Defendants admit that Browning, but not Browning Arms Company, terminated Plaintiff's employment for legitimate business reasons on or about February 20, 2026, but deny that the termination was related in any way to any alleged reporting of unlawful activity.

33. At all times relevant hereto, Plaintiff was a competent and satisfactory employee who met or exceeded Defendants' legitimate job expectations.

**ANSWER:** Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

**COUNT 1 WHISTLEBLOWER CLAIM (§285.575) AS TO ALL DEFENDANTS**

34. Plaintiff incorporates by reference all previous paragraphs.

**ANSWER:** In response to the allegations in Paragraph 34 of the Amended Complaint, Defendants incorporate all their responses to all previous paragraphs.

35. Plaintiff is a "protected person" under § 285.575.2(4), RSMo, because he reported to a proper authority the unlawful acts of the employer, specifically the violation of 27 CFR §478.125.

**ANSWER:** Paragraph 35 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36. Defendants are each considered an "employer" under § 285.575, RSMo.

**ANSWER:** Paragraph 36 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Browning, but not Browning Arms Company, employed Plaintiff. Defendants deny the remaining allegations in Paragraph 36 of the Amended Complaint.

37. Defendants terminated Plaintiff's employment because Plaintiff reported these violations.

**ANSWER:** Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38. Plaintiff's report was a motivating factor in his discharge.

**ANSWER:** Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39. Defendants' actions amount to serious misconduct that violated a clear mandate of public policy.

**ANSWER:** Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40. Defendants' conduct in terminating Plaintiff was intentional, willful, and in reckless disregard of Plaintiff's rights under Missouri law.

**ANSWER:** Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer loss of wages, benefits, and other economic damages.

**ANSWER:** Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

WHEREFORE, Plaintiff prays that this Court will enter judgment in his favor and against Defendants, and in amounts to be determined at trial, the following relief: 1) actual damages, including past and future lost income; 2) liquidated damages in an amount equal to double the amount of back pay and lost benefits, pursuant to § 285.575.5, RSMo, 3) pre-judgment and post judgment interest; 5) attorneys' fees and costs; and 6) for such other relief as justice requires.

**ANSWER:** Defendants deny the allegations set forth in the WHEREFORE Paragraph of the Amended Complaint and specifically deny that Plaintiff is entitled to any relief whatsoever, whether in law or in equity.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiff's Amended Complaint, Defendants states as follows:

1. Defendants specifically deny all allegations in Plaintiff's Amended Complaint not specifically admitted herein.

2. Plaintiff's Amended Complaint as a whole, and each purported cause of action alleged, fails to state a claim against Defendants upon which relief can be granted.

3. Plaintiff's claims are barred to the extent the doctrines of laches, waiver, estoppel, and/or unclean hands apply.

4. Granting Plaintiff's demands in his Amended Complaint would result in unjust enrichment.

5. Plaintiff's claims are barred because Defendants did not cause or contribute to any damages, loss, or injury allegedly sustained by Plaintiff.

6. Plaintiff's damages, if any, were caused or contributed to, in whole or in part, by the actions or inactions of Plaintiff and/or other persons or parties for whom Defendants had and has no responsibility, control, or liability.

7. To the extent Plaintiff was damaged, which Defendants specifically deny, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy his duty to mitigate those damages.

8. To the extent Plaintiff recovers any damages based on his claims, the existence of which Defendants specifically deny, Defendants are entitled to a set-off or credit for amounts Plaintiff earned or could have earned if he had mitigated his claimed damages.

9. Plaintiff's claims fail because the decisions made or actions taken with respect to Plaintiff were justified by legitimate, nondiscriminatory, nonretaliatory, business reasons.

10. Any of the decisions made or actions taken with respect to Plaintiff were made/taken with the good-faith belief that such actions complied with all applicable laws.

11. Plaintiff's claims are barred because even if an impermissible factor played a role in any decision made or action taken by Defendants, which Defendants specifically deny, Defendants would have taken the same action in the absence of any impermissible factor.

12. No actions taken by Defendants were willful or wanton or made with evil motive or reckless indifference to the rights of others.

13. Defendants' actions with respect to Plaintiff were not in bad faith, and Defendants had objectively reasonable grounds to believe their actions were lawful.

14 Plaintiff's claims against Browning Arms Company fail because he was not employed by Browning Arms Company.

15. Because Defendants have yet to avail themselves of the right to discovery, and do not fully know the circumstances of the alleged incidents described in Plaintiff's lawsuit, Defendants hereby notify Plaintiff that until they can avail itself of discovery, it cannot be determined whether Defendants will assert the above-stated defenses at trial or whether those will be the only such defenses asserted. Such defenses are, however, asserted herein in order to preserve Defendants' right to assert such defenses and to avoid waiver of any such defenses. Defendants expressly reserve the right to plead any additional defenses as may become appropriate and/or necessary.

16. Plaintiff's claims are barred to the extent Plaintiff failed to satisfy the applicable statutes of limitations or other periods of limitation.

17. Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence. To the extent after-acquired evidence is discovered, Plaintiff's damages are cut off as of the time such after-acquired evidence is discovered.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants request that this Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice and award Defendants their costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

Dated: September 15, 2026.

Respectfully submitted,

*/s/ Blake R. Armstrong*

Black R. Armstrong, #72683(MO)
Kaytlin E. Kopen, #67437(MO)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Ste 1500
St. Louis, Missouri 63105-1706
Telephone: (314) 480-1500
Fax: (314) 480-1505
Blake.Armstrong@huschblackwell.com
Kayt.Kopen@huschblackwell.com

Michael Patrick O'Brien, (Pro Hac Vice)
Haley Banks, (Pro Hac Vice)
PARSONS BEHLE & LATIMER
201 S Main Street, Ste 1800
Salt Lake City, Utah 84145-0898
Telephone: (801) 532-1234
MObrien@parsonsbehle.com
Hbanks@personsbehle.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's electronic filing system on all parties.

*/s/ Blake R. Armstrong*