UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00978-CMS |
| | ) | |
| BROWNING ARMS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CASE MANAGEMENT ORDER – TRACK 2: STANDARD**

This matter is before the Court following submission by the parties of a proposed joint scheduling plan. Counsel should refer to the Court's website[1] for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements.

Pursuant to Federal Rule of Civil Procedure 16(b), Local Rule 5.04, and the Joint Proposed Scheduling Plan, (Doc. 31),

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances and an Order of this Court:

## I. SCHEDULING PLAN

1. This case has been assigned to **Track 2 (Standard)**.

2. All motions for joinder of additional parties or amendment of pleadings shall be filed by **November 14, 2026**.

3. Disclosure shall proceed in the following manner:

[1] http://www.moed.uscourts.gov

(a) The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1) by **November 19, 2026**.

(b)

(i) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) by **March 25, 2027**, and shall make expert witnesses available for depositions and have depositions completed by **May 3, 2027**.

(ii) Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) by **April 26, 2027**, and shall make expert witnesses available for depositions and have depositions completed by **June 4, 2027**.

(c) The presumptive limits of ten (10) depositions per party as set forth in Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply.

(d) Any requests for physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 shall be requested by **March 15, 2027** and any such physical or mental examinations shall be performed by **April 30, 2027**.

(e) The parties shall complete all discovery in this case by **June 4, 2027**.

(f) If any discovery dispute arises, the parties shall raise the dispute in a diligent and timely manner. Absent a showing of good cause, no discovery dispute may be raised with the Court more than **seven (7) days following the discovery deadline set out above**.

(i) Before raising any discovery dispute with the Court, counsel must confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so, in compliance with Local Rule 3.04.

(ii) If, after sincere efforts to resolve their dispute, the parties are unable to reach an accord, they must file with the Clerk of Court a single, joint memorandum requesting a conference with the Court. The memorandum must specify the parties' attempts to achieve a resolution, concisely describe (*e.g.*, in bullet points) the issue(s) in dispute, and not exceed three (3) pages in length.

4. This case shall be referred to alternative dispute resolution on **March 15, 2027**, and the referral shall terminate on **May 17, 2027**.

5. Any motion to dismiss, motion for summary judgment, motion for judgment on the pleadings, or *Daubert* motion must be filed by **July 2, 2027**. The time limits of Local Rules 4.01(B) and (C) apply to Rule 12 and *Daubert* motions. For summary judgment motions, opposition briefs shall be filed within **30 days of the filing of the motion**, and any reply brief may be filed within **14 days of the filing of the opposition**.

The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.

No later than **twenty-one (21) days preceding the deadline for completion of discovery**, any party may request **in a written motion** that the Court hold a supplemental conference to discuss issues of scheduling and management of the action. Whether to grant such a request is a matter for the Court's discretion.

## II. ORDER RELATING TO TRIAL

**IT IS HEREBY ORDERED** that the **JURY** trial in this action is set on **January 31, 2028, at 09:00 a.m. in Courtroom 10 South**. This is a one-week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter.

Pursuant to Local Rule 8.04 the Court may tax against one or all parties the *per diem*, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

Unless otherwise ordered by the Court, the attorneys shall, not less than **twenty (20) days prior to trial**:

1. **Stipulation**: Meet and jointly prepare and file with the Clerk a **JOINT** stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used in *voir dire*).

2. **Witnesses**:

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witness not listed in compliance with this Order.

3. **Exhibits**:

(a) Mark for identification all exhibits to be offered in evidence at the trial. Plaintiffs shall use Arabic numerals (*e.g.*, Plaintiff Jones Exhibit 1), and defendants shall use letters (*e.g.*, Defendant Smith Exhibit A). Deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination.

Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibit not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objection not made in writing at least **ten (10) days prior to trial** may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions**:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least **ten (10) days prior to trial**, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Instructions**: Submit to the Court and to opposing counsel written requests for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least **ten (10) days prior to trial**, in light of the opposing party's requests for instructions. Each request must be supported by at least one pertinent citation.

6. **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions *In Limine***: File all motions *in limine* **and submit a courtesy copy directly to the Court's chambers**, at least **fourteen (14) days prior to trial**. Responses shall be filed at least **seven (7) days prior to trial**.

By presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, **including any portion generated with artificial intelligence (AI)**. *See* Fed. R. Civ. P. 11(b).

Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy, like any other shoddy research method, implicates Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsupported pleadings and sanctions violations.

Attorneys and self-represented parties are therefore on notice that any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, is not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, **will result in the imposition of sanctions**.

**Failure to comply with any part of this Order may result in the imposition of sanctions**, including but not limited to non-monetary directives, an order to pay a penalty into court, an award of reasonable attorney's fees and expenses, striking pleadings, dismissal of the

action, entry of default judgment, and restrictions on the admissibility of evidence. *See* Local Rule 5.04.

Dated this 5th day of November 2026.



CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE